■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK W. CONDE, Appellant. — *Per Curiam*. Appeal from an order of the County Court of Rensselaer County, entered August 18, 1965, which dismissed, after a *Huntley* hearing, defendant's application in the nature of a writ of error *coram nobis* to vacate a judgment rendered May 23, 1960 upon a verdict convicting him of manslaughter in the second degree. The judgment of conviction was affirmed on appeal. (16 A D 2d 327, affd. 13 N Y 2d 939.) As grounds for the *coram nobis* relief sought, the defendant asserts that an inculpatory statement received in evidence was involuntarily given, being procured by police officers by coercion, and that he was denied due process by reason of the failure of the police, on the interrogation which produced the statement, to advise him of his right to remain silent and of his right to counsel and, further, by reason of their failure to permit him to obtain counsel, upon his request. At that time, the police officers were not required to inform defendant of his right to remain silent and of his right to counsel (*People* v. *Gunner*, 15 N Y 2d 226), as they are now obliged to do under *Miranda* v. *Arizona* (384 U. S. 436), which is not to be retroactively applied (*People* v. *McQueen*, 18 N Y 2d 337; *Johnson* v. *New Jersey*, 384 U. S. 719, 732). The confession in issue was admitted upon the trial without objection. The Trial Judge charged the jury as to the tests of its voluntariness. On the *Huntley* hearing, defendant said, that the interrogation lasted no more than one hour and he said, too, that the statements in the confession that eventuated were true. He said that because he did not "know the law" he had not mentioned any of the allegations made in his present application to any of the four attorneys who had previously represented him. On the *Huntley* hearing, defendant alone testified in support of the basic grounds of his application. He replied affirmatively to the question as to whether he was "under the influence of intoxicating beverages" when he was picked up for questioning. He testified that before the interrogation began he asked one of the officers "if I could get in touch with a counsel and he told me no". As respected the voluntariness of the confession, defendant testified quite generally that he was "threatened" and "struck"; that he was "nervous" and "upset"; and had been drinking and was not "right in my own mind". Three of the officers present testified in detail as to the interrogation; and in rebuttal of defendant's testimony each denied that defendant at any time requested counsel, denied that he was intoxicated and denied that he was threatened, struck or otherwise coerced. The issues were determined by the court's findings that the "credible testimony is overwhelming that the defendant was neither coerced nor threatened into making and signing the statement. Nor is there sufficient proof to show that he was under the influence of alcohol at the time." In addition, the court found "that the defendant at

no time asked for an attorney although he had several opportunities to do so; also that he did not choose to exercise his right to remain silent but talked freely and, in fact, on almost a personal basis with the police and freely, voluntarily and without coercion of any kind signed the statement as presented to him." No basis appears for disturbing the determination appealed from. Order affirmed. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*